# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

---

Juanita Tucker,
       Plaintiff

vs                                 Case No. C-1-04-81
                                     (Watson, J.)
Angela Stayton, et. al.,         (Hogan, M.J.)
       Defendants

---

## REPORT AND RECOMMENDATION

---

This matter is before the Court following the removal by Defendants of Plaintiff's action from the Court of Common Pleas, Warren County, Ohio. (*See* Doc. 1, Notice of Removal). Prior to removal, Defendant Blue Cross Blue Shield of Central New York filed a Motion to Dismiss Plaintiff's bad faith claim and prayer for punitive damages for failure to state a claim upon which relief can be granted. (Doc. 24). Plaintiff neither filed a response within the time required under the Warren County Court of Common Pleas nor within the time required under this Court's local rules. (*See* Warren Cty. Local Rule 2..05; S.D. Ohio Civ. R. 7.2(a)(2)). Thereafter, on July 19, 2005, the Court issued an order directing Plaintiff to show cause why her Complaint should not be dismissed for failure to prosecute. (Doc. 27). To date, Plaintiff has failed to file a response to Defendant's motion nor the Court's order.[1]

The Court notes that Plaintiff's counsel has also filed a Motion to Withdraw as counsel for Plaintiff citing numerous unsuccessful attempts at communication with Plaintiff since February, 2005. Counsel represents that he has not been able to locate Plaintiff at her last known address by either certified or ordinary mail service and that

---

[1] Two attempts at serving the Court's Order were made. In both instances, mail addressed to Plaintiff's last known address and a forwarding address were returned as undeliverable. (*See* Doc. 9, Attachments 2, 3).

attempts to contact her by telephone have also been unsuccessful as her telephone service has been disconnected. (*See* Doc. 25). Plaintiff's failure to file a response to the motion to dismiss, to maintain contact with her counsel evidences a lack of interest in proceeding with this matter.

We find that dismissal is appropriate for failure to prosecute. District courts have the inherent power to *sua sponte* dismiss civil actions for want of prosecution to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962). Failure of a party to respond to an order of the court warrants invocation of the Court's inherent power. *See* Fed. R. Civ. P. 41(b). The Sixth Circuit has held that dismissal is an appropriate sanction pursuant to Rule 41 of the Federal Rules of Civil Procedure when there is a "clear record of delay or contumacious conduct by the plaintiff." *Carter v. City of Memphis, Tennessee*, 636 F.2d 159, 161 (6th Cir. 1980)(quoting *Silas v. Sears, Roebuck & Co., Inc.,* 586 F.2d 382, 385 (5th Cir. 1978)*; see also Coleman v. American Red* Cross, 23 F.3d 1091, 1095 (6th Cir. 1994). As the court in *Carter* explained, "the key is a failure to prosecute, whether styled as a failure to appear at a pre-trial conference, failure to file a pre-trial statement, .... or failure to comply with the pre-trial order." 636 F.2d at 161(quoting *J.F. Edwards Const. Co. v. Anderson Safeway Guard Rail Corp.,* 542 F.2d 1318, 1323 (7th Cir. 1976)(per curiam)).

Plaintiff's dilatory conduct is abundantly clear from the record. Plaintiff has failed to make any effort to litigate this case since filing her Complaint. Moreover, it appears that Plaintiff has neglected to notify the Court of a change in her address. Failure to notify the Court of any change of address could result in a plaintiff not receiving timely notice of proceedings, which could, in turn, lead to a plaintiff's failure to appear and ultimately to dismissal of his case. *See Buck v. U.S. Dep't. of Agriculture, Farmer's Home Administration*, 960 F.2d 603, 608-09 (6th Cir. 1992); *Walker v. Management Systems, Inc.,* 786 F.2d 1167, 1986 WL 16514 at * 1-2 (6th Cir. Feb. 19, 1986). It is Plaintiff's responsibility to keep the Court apprized of any change in her address. Plaintiff was ordered to file a response to Defendant's Motion to Dismiss arguing her position as to why her Complaint should not be dismissed. (*See* Doc. 27). Due to her failure to notify the Court of her change in address, service of the Order to Show Cause (Doc. 27) could not be obtained. It is for these reasons that the Court finds that dismissal with prejudice is warranted.

## IT IS THEREFORE RECOMMENDED THAT:

1.  Plaintiff's Complaint (Doc. 2) be DISMISSED WITH PREJUDICE for failure to prosecute.

    1.  This case be terminated on the Court's Docket.

    2.  The Court certify pursuant to 28 U.S.C. § 1915(a) that an appeal from any Order adopting this Report and Recommendation would not be taken in "good faith" for purposes of granting Plaintiff leave to appeal *in forma pauperis*. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date:   8/23/2005          s/Timothy S. Hogan
                           Timothy S. Hogan
                           United States Magistrate Judge

3

# NOTICE

Attached hereto is the Report and Recommended decision of The  Honorable Timothy S. Hogan, United States Magistrate Judge, which was filed on 7/19/2005.  Any party may object to the Magistrate's findings, recommendations and report within ten (10) days after being served with a copy thereof or further appeal is waived.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see also* Fed. R. Civ. P. 72(b).  Such parties shall file with the Clerk of Court, and serve on all Parties, the Judge and the Magistrate, a written Motion to Review which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made along with a memorandum of law setting forth the basis for such objections.  (Such parties shall file with the Clerk a transcript of the specific portions of any evidentiary proceedings to which an objection is made).

In the event a party files a Motion to Review the Magistrate's Findings, Recommendations and Report, all other parties shall respond to said Motion to Review within ten (10) days after being served a copy thereof.  *See* Fed. R. Civ. P. 72(b).

4

J:\SMITHLE\TSHORDER\Tucker.dis.wpd